EDRINGTON *v.* HALL *et al.*

No. 6713.   MAY 15, 1929.

HILL, J.   The present case grows out of an alleged violation by R. E. Edrington of a restraining order granted by the judge in the case of Hall et al. v. Edrington, the facts of which are fully set out in the report of that case (*Edrington* v. *Hall,* ante, 484).   The petition in that case alleged that Edrington was a representative of the International Brotherhood of Locomotive Engineers and had been sent to Waycross, Georgia, to investigate a certain letter that had been circulated by the local division and by petitioners in particular, criticising the officials of the International order; and that Edrington had threatened to expel the petitioners from the order, and to cancel the charter of the local division.   The order of the judge restrained Edrington "from inter-fering in any manner with Division 648 of the Brotherhood of Locomotive Engineers and petitioners, from holding a trial for the purpose of revoking the charter of said Division 648 and expelling petitioners from the Brotherhood of Locomotive Engineers."   In the contempt proceeding the judge found the defendant guilty, and imposed a fine of $200 and a sentence of five days in jail for contempt of court.   It appears from the record that Division 648 held its regular meeting on February 21, 1928, at which meeting the defendant appeared;·that charges had previously been filed against plaintiffs in said division, with the view of trying and expelling them, under the direction of defendant; that the Chief Engineer who presided at said meeting endeavored to try plaintiffs on said charges in the manner laid down in the by-laws and constitution of the Brotherhood of Locomotive Engineers; and although said Edrington had been enjoined and restrained from so doing, in violation of said restraining order, and over the objection of said presiding officer and plaintiffs, and disregarding the injunctive order above quoted, he took charge of said meeting and forced the unlawful expulsion of plaintiffs, thereby treating the order of the court with contempt.   The judgment of the

492

court finding the defendant guilty of contempt of court is amply supported by the evidence.

*Judgment affirmed. All the Justices concur.*